**JIANWEN LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5538–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Farah Loftus, Los Angeles, CA, for petitioner.

Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Brianne Whelan, Trial Attorney, Office of Immigration Litigation, Washington, DC, for respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jianwen Liu, a native and citizen of China, seeks review of a November 7, 2006 order of the BIA affirming the June 29, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Jianwen Liu,* No. A98 353 707 (B.I.A. Nov. 7, 2006), *aff'g* No. A98 353 707 (Immig. Ct. N.Y. City June 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse

credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that substantial evidence supports the IJ's adverse credibility determination. Liu provided inconsistent answers about his involvement in the Christian church, his involvement in gatherings outside of church, and the events surrounding his alleged arrest. Although individual inconsistencies may not have been stark, the IJ reasonably found that their cumulative effect undermined Liu's credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). The IJ did not err in determining that Liu failed to submit corroborating evidence to overcome these credibility concerns because the only such evidence, unsworn letters from Liu's father and aunt, failed to mention a major element of Liu's claim, *i.e.,* that he was beaten while in Chinese detention. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 78.

Further informing the IJ's adverse credibility determination was her assessment of Liu's demeanor, particularly Liu's hesitancy in responding to questions, as reflected in long pauses on the record. Mindful of the IJ's unique ability to observe the petitioner as he testifies, we defer to this aspect of the credibility assessment. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

We note that in one respect, the IJ may have erred: she identified a testimonial inconsistency regarding the frequency of Liu's church attendance that is not supported by the record. We need not remand, however, because the other findings are sufficient for us confidently to predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

■ Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, because Liu did not assert an independent basis for his CAT claim, the adverse credibility determination also prevents him from establishing eligibility for that relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.